No. 3148

Second Circuit

(Second Division)

——

BRYAN & BRYAN v. SHADOW

——

(April 9, 1931. Opinion and Decree.)

——

Coleman Lindsey, of Minden, attorney for plaintiff, appellant.

McInnis & Campbell, of Minden, attorneys for defendant, appellee.

CULPEPPER, J. Plaintiff sued to recover of defendant the sum of $214.50, as

an alleged balance due on account for services rendered and expenses incurred in connection with certain advertising matter which plaintiff alleges defendant had ordered performed. From a judgment rejecting plaintiff's demands, plaintiff has appealed.

Plaintiff's business consisted in preparing catalogues, pamphlets, etc., and conducting advertising campaigns for its clients, for which a charge was made for services and expenses in connection therewith. Its office was located in Shreveport, Louisiana.

Defendant was owner and proprietor of the Dixie Nursery Company, located at Dubberly, in Webster parish, Louisiana. On or about the first of September, 1926, Mr. Pore, agent for plaintiff, called upon defendant and received an order from him to prepare and have published in the Texas Farm & Ranch, and Holland's Magazine, ads for defendant's nursery; also to furnish defendant with a number of pamphlets or catalogues containing price lists, etc., of defendant's nursery stock. It will be noted that the order was a verbal one. Mr. Pore returned to plaintiff's office with a memorandum which plaintiff claimed to be what the verbal order called for. It was nothing more than just a notation in pencil indicating the months of September, October, November and December. Defendant's name does not appear on the memorandum.

Plaintiff thereupon prepared and had inserted in each of the periodicals named the ads defendant ordered; also had the catalogues made for defendant. On September 30th plaintiff mailed defendant a bill amounting to $120.67 for services rendered and expenses incurred. This bill was paid by defendant, by check, October 29th. On October 30th another bill, for $28 was mailed defendant, and he paid it November 26th.

On December 31st plaintiff mailed a third bill, for $158.50, covering balance due for November and expenses for December and January. Defendant refused to pay this bill, and wrote plaintiff a letter on January 6th advising that plaintiff had made a mistake and saying he did not owe plaintiff anything; that he gave Mr. Pore, the agent, an order for only one month's advertising, as a trial order only, and that Mr. Pore told him the whole would not cost exceeding $70; that he had already paid more than that amount and would not pay any more.

Plaintiff made no reply to this letter, but sent defendant another bill on February 2, 1927, totaling $214.50, covering the former bill and additional expenses for January and February. Payment was refused and suit followed.

Mr. M. L. Bryan, a member of plaintiff firm, testified that he understood that the services were to run throughout the winter season, not for one month only. He admits, however, that his firm sometimes accepts trial orders for a short time only. He also admits that he knew nothing of the actual agreement between his salesman and defendant, any more than just what the salesman told him. The salesman, Mr. Pore, did not appear to testify. The only testimony offered by plaintiff was the testimony of Mr. Bryan and the letters and bills, etc., had in connection with the matter.

Defendant testified that he gave Mr. Pore an order for only one month's service; that he gave it as a trial order only, and that Mr. Pore assured him that the whole cost, including everything, would not exceed seventy or eighty dollars. He says Mr. Pore called back to see him several times later and urged him to extend the service for more than one month, but was refused by defendant. A Miss Klobe, defendant's sister-in-law, testified that she was present when the order was given, and when Pore made these several calls; that she heard all the conversations had between defendant and Mr. Pore. She corroborates defendant throughout regarding the agreement and conversations.

Defendant says he paid more than he agreed to pay, but says he did so because he did not wish to make any "kick" at the time, but that when the next bill came, he wrote the January 6th letter refusing to make any further payments, and informed plaintiff the exact agreement he had entered into with the salesman.

The case involves purely questions of fact. They were passed on by the lower court, after hearing all the testimony. That court was in much better position to determine the credibility of the witnesses than is this court. The judge of the lower court evidently did not think plaintiff submitted sufficient proof to make out a case by a preponderance of the evidence, as the law requires. In this we believe he was correct. The judgment appealed from is therefore affirmed.